IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY MARYLAND

DARNELL WHITFIELD )
411 Warfield Drive, Unit 1015 )
Hyattsville, Maryland 20785 )
)
    Plaintiff )
)
)
V )
) CASE NO: CAL 18-38800
POFC WILLIAM PATRICK COMPOY BANKHEAD )
*Individually and in his Official Capacity as a Prince* )
*George's County Police Officer* )
5135 Indian Head Highway )
Oxon Hill, Maryland 20745 )
)
And )
)
PRINCE GEORGE'S COUNTY, MARYLAND )
)
SERVE: Hon. Angela D. Alsobrooks )
County Executive )
1301 McCormick Drive )
Suite 4000 )
Largo, MD 20774 )
)
AND SERVE )
Rhonda L. Weaver, Esq. )
County Attorney )
1301 McCormick Drive )
Suite 4001 )
Largo, MD 20774 )
)
    Defendants )

## AMENDED COMPLAINT

Plaintiff Darnell Whitfield, though counsel, files this Amended Complaint against POFC William Patrick Compoy Bankhead and Prince George's County and states as follows:

1. Plaintiff complied with all notice requirements of the Local Government Tort Claims Act.

2. On March 9, 2018 Plaintiff Darnell Whitfield was with two friends at 3506 Silver Park Drive, Suitland, Maryland.

3. POFC Bankhead observed Mr. Whitfield for a brief time before attempting to detain him without probable cause or reasonable articulable suspicion that any criminal activity was occurring or had occurred..

4. As Mr. Whitfield walked, POFC Bankhead ran at him from behind and tackled him without warning.

5. Officer Bankhead shattered Mr. Whitfield's femur as a result of the tackle.

### COUNT I - Title 42 USC Section 1983 against Defendant Bankhead

6. Plaintiff incorporates the above allegations as if fully stated herein.

7. Defendant POFC Bankhead at all times acted under color of State law.

8. Defendant Bankhead deprived Darnell Whitfield of his federal rights including being free from being subjected to excessive force.

9. At all times relevant hereto, POFC Bankhead deprived Plaintiff of his rights with actual or implied malice, using unreasonable and unnecessary force in the treatment of Mr. Whitfield, severely injuring his leg. This treatment violated Mr. Whitfield's right to be free from summary punishment and excess force as protected by the Fourteenth Amendment to the United States Constitution.

10. As an actual and proximate result of POFC Bankhead's use of excessive force, Mr. Whitfield sustained a severe fracture to his femur, which required surgery to correct.

11. Mr. Whitfield experienced pain and suffering, humiliation, and embarrassment all to his detriment.

12. The use of force against Mr. Whitfield was completely unjustified and there was not valid

basis for either attempting to detain Mr. Whitfield or using the excessive force against his person employed by Officer Bankhead.

WHEREFORE, Darnell Whitfield prays for judgment against Defendant POFC Bankhead in the amount of:

a. Five Million Dollars in Compensatory Damages;
b. Five Million Dollars in Punitive Damages
c. Award attorneys fee's and costs
d. Award such other relief as the Court may deem appropriate.

**COUNT II -- 42 USC Section 1983 – 4th Amendment against Defendant Bankhead**

13. The Plaintiff adopts and incorporates the above allegations as if fully stated herein.

14. Defendant POFC Bankhead at all times relevant hereto acted under color of State law.

15. Defendant POFC Bankhead deprived Mr. Whitfield of his rights un the Fourth Amendment of the United States Constitution, said rights including freedom from unreasonable search and seizure without probable cause.

16. At all times relevant hereto, POFC Bankhead subjected Mr. Whitfield to the deprivation of his rights with actual or implied malice, searching, seizing and arresting him without reasonable suspicion or probable cause to do so, thereby injuring him and depriving him of his liberty. This treatment violated Mr. Whitfield's right to be free from unreasonable search and seizure without probable cause as protected by the Fourth Amendment to the United States Constitution..

17. Mr. Whitfield sustained damages as a direct and proximate result of his unlawful search, seizure, false arrest and false imprisonment, as well as consciously experience pain and suffering, humiliation, and embarrassment all to his deteriment.

WHEREFOR Darnell Whitfield prays for judgment against POFC Bankhead in the amount of:

   a. Five Million Dollars in compensatory damages
   b. Five Million Dollars in punitive damages
   c. Award of attorney's fees and costs
   d. Award such other relief as the Court may deem appropriate.

**COUNT III – Maryland Declaration of Rights against Defendant Bankhead**

18. The Plaintiff adopts and incorporates the above allegations as if fully stated herein.

19. Defendant POFC Bankhead at all times relevant hereto acted under color of State law.

20. Defendant POFC Bankhead deprived Mr. Whitfield of his rights un the Fourth Amendment of the United States Constitution, said rights including freedom from unreasonable search and seizure without probable cause.

21. At all times relevant hereto, POFC Bankhead subjected Mr. Whitfield to the deprivation of his rights with actual or implied malice, searching, seizing and arresting him without reasonable suspicion or probable cause to do so, thereby injuring him and depriving him of his liberty. This treatment violated Mr. Whitfield's right to be free from unreasonable search and seizure without probable cause as protected by the Fourth Amendment to the United States Constitution and Maryland Declaration of Rights Article 24 and Article 26.

22. Mr. Whitfield sustained damages as a direct and proximate result of his unlawful search, seizure, false arrest and false imprisonment, as well as consciously experience pain and suffering, humiliation, and embarrassment all to his deteriment.

WHEREFOR Darnell Whitfield prays for judgment against POFC Bankhead in the amount of:

e. Five Million Dollars in compensatory damages

f. Five Million Dollars in punitive damages

g. Award of attorney's fees and costs

h. Award such other relief as the Court may deem appropriate.

### COUNT IV – Assault and Battery against Defendant Bankhead

23. The Plaintiff adopts and incorporates the above allegations as if fully stated herein.

24. Defendant POFC Bankhead at all times relevant hereto acted under color of State law.

25. Defendant POFC Bankhead used excessive force when he talked Mr. Whitfield, shattering his femur.

26. As an actual and proximate result of this excessive force, Mr. Whitfield suffered a broken femur, was forced to undergo medical treatment, and experienced pain and suffering.

27. What more, after suffering the severe injury POFC Bankhead did not immediately transfer Mr. Whitfield to a hospital, choosing instead to wrestle with him on the ground, needlessly exacerbating the pain and suffering he experienced because of his broken leg.

WHEREFOR Darnell Whitfield prays for judgment against POFC Bankhead in the amount of:

i. Five Million Dollars in compensatory damages

j. Five Million Dollars in punitive damages

k. Award of attorney's fees and costs

l. Award such other relief as the Court may deem appropriate.

### COUNT V – Gross Negligence against Defendant Bankhead

28. Plaintiff incorporates the above paragraphs as if fully stated herein.

29. Defendant owened a duty to Plaintiff to, among other things, use reasonable and measured

force.

30. Defendant either intentionally or grossly negligently failed to use reasonable force by: 1) failing to warn Mr. Whitfield before tackling him; 2) takling Mr. Whitfield to the ground with so much force that it was done with reckless indifference to Mr. Whitfield's well being and rights; and 3) choosing to attempt to subdue the injured Whitfield on the ground instead of immediately seeking medical attention for him.

31. As a direct and proximate result of the aforesaid conduct, actions and inactions of Defendant, plaintiff was caused to suffer and continues to suffer the mental, emotional, and economic damages described above and in this paragraph.

WHEREFOR Darnell Whitfield prays for judgment against POFC Bankhead in the amount of:

    a. Five Million Dollars in compensatory damages

    b. Five Million Dollars in punitive damages

    c. Award of attorney's fees and costs

    d. Award such other relief as the Court may deem appropriate.

**COUNT VI – Negligence against Defendant Bankhead**

32. Plaintiff incorporates the above paragraphs as if fully stated herein.

33. Defendant owned a duty to Plaintiff to, among other things, use reasonable and prudent judgment in determining weather to attempt to detain an citizen and reasonable and prudent judgment regarding the use of force in doing so.

34. Defendant Bankhead attempted to detain Mr. Whitfield without legal justification and breached the standards employed by reasonable and prudent police officers when he determined that he should attempt to detain Mr. Whitfield on the night in question.

35. Defendant Bankhead negligently failed to use reasonable and ordinary care in his attempted detention of Mr. Whitfield by, among other things: 1) failing to warn Mr. Whitfield before tackling him; 2) tackling Mr. Whitfield to the ground with so much force that caused an open fracture of Mr. Whitfield's femur bone; and 3) choosing to attempt to subdue the injured Whitfield on the ground instead of immediately seeking medical attention for him.

36. As a direct and proximate result of the aforesaid conduct, actions and inactions of Defendant, Plaintiff's suffered an open fracture of his femur, incurred medical expenses, experience pain and suffering, lost job opportunities, and was in other ways injured.

WHEREFOR Darnell Whitfield prays for judgment against POFC Bankhead in the amount of Five Million Dollars in Compensatory Damages.

### COUNT VII – RESPONDEAT SUPERIOR LIABILITY FOR PRINCE GEORGE'S COUNTY MARYLAND

37. Plaintiff incorporates the above paragraphs as if fully stated herein.

38. At all times relevant to this Complaint, Officer Bankhead was acting within the course and scope of his employment with the Prince George's County police and Prince George's County, Maryland (" the County").

39. Specifically, Mr. Bankhead is authorized by the County to used judgment to determine if a detention of a citizen is legally justified and to effect detentions and/or arrests with physical force, if that force is reasonable, necessary, and justified by the circumstances.

40. On the night in question, Officer Bankhead was acting in the course and scope of his employment as a Prince George's County police officer when he: 1) determined that he

would detain Mr. Whitfield; and 2) determined that he would tackle Mr. Whitfield from behind and without warning.

41. Officer Bankhead's decision to attempt a detention of Mr. Whitfield and decision to takle him from behind were in furtherance of his employer's business of police work. Though the level and method of force used was completely unacceptable, it occurred without the scope of Officer Bankhead's employment as he was, at least in theory, attempting to make an arrest for his employer.

42. Defendant Bankhead owned a duty to Plaintiff to, among other things, use reasonable and prudent judgment in determining weather to attempt to detain an citizen and reasonable and prudent judgment regarding the use of force in doing so.

43. Defendant Bankhead attempted to detain Mr. Whitfield without legal justification and breached the standards employed by reasonable and prudent police officers when he determined that he should attempt to detain Mr. Whitfield or the night in question.

44. Defendant Bankhead negligently failed to use reasonable and ordinary care in his attempted detention of Mr. Whitfield by, among other things: 1) failing to warn Mr. Whitfield before tackling him; 2) tackling Mr. Whitfield to the ground with so much force that caused an open fracture of Mr. Whitfield's femur bone; and 3) choosing to attempt to subdue the injured Whitfield on the ground instead of immediately seeking medical attention for him.

45. As a direct and proximate result of the aforesaid conduct, actions and inactions of Defendant Bankhead, Plaintiff's suffered an open fracture of his femur, incurred medical expenses, experience pain and suffering, lost job opportunities, and was in other ways injured.

46. Defendant Prince George's County is vicariously liable for the negligent actions of Officer Bankhead, which occurred in the course and scope of his employment and in furtherance of Prince George's County's Police Department's work.

Wherefore, Plaintiff Darnell Whitfield prays for judgment against Defendant Prince George's County, Maryland in the amount of Five Million Dollars in compensatory damages.

Respectfully submitted,

DARRAGH L. INMAN
CPF No: 021218096
Rensin & Rosenstein, LLP
6200 Baltimore Avenue #400
Riverdale, Maryland 20737
(301) 864-4200

JURY DEMAND

Plaintiff demands a trial by jury on all counts of this complaint.

DARRAGH L. INMAN